

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-27-2005

# Stein v. Westfield Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4617

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Stein v. Westfield Ins Co" (2005). *2005 Decisions.* Paper 331.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/331

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4617
_____

MARC D. STEIN,
*Appellant*

v.

WESTFIELD INSURANCE COMPANY; WESTFIELD COMPANIES

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. No. 98-cv-01714)
District Judge: Honorable Gary L. Lancaster
_____

Submitted Under Third Circuit LAR 34.1(a)
October 21, 2005
Before: SMITH, BECKER and NYGAARD, *Circuit Judges*

(Filed October 27, 2005 )

_____

OPINION
_____

BECKER, *Circuit Judge*.

Plaintiff Marc D. Stein appeals from an order of the District Court granting final

judgment against Stein and in favor of defendants Westfield Insurance Company and Westfield Companies (collectively "Westfield") under Fed. R. Civ. P. 54(b), in a breach of contract action in which Stein alleged that Westfield failed to properly investigate his insurance claim. Stein also asserted a variety of statutory and tort claims, and Westfield filed assorted counterclaims. Final disposition was precipitated by the Magistrate Judge's Report and Recommendation that: (1) Stein's contract claims be dismissed due to his failure to cooperate with Westfield in the investigation of the claim; and (2) that Stein's emotional distress claim also be dismissed due to his failure to offer medical proof. The District Court adopted the Report and Recommendation, which, as all the parties agree, rendered Stein's remaining claims moot. The 54(b) order, and this appeal, followed.

Stein's argument, stripped to its essentials, is that the Court order granting summary judgment "was premature and in error since discovery in the matter had not been completed" and that discovery should be reopened to allow him "to establish the facts necessary to defeat the motion for summary judgment as there exists a genuine issue of material fact."

The parties spar over whether Stein's former counsel filed a response brief to Westfield's motion for summary judgment (his former counsel apparently did so, despite Stein's assertion that he did not). At all events, Stein's arguments must be rejected because of his failure to file a motion under Fed. R. Civ. P. 56(f) which provides:

Rule 56. Summary Judgment

(f) When Affidavits are Unavailable.  Should it appear from the affidavit of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

We have frequently held that "in all but the most exceptional cases, failure to comply with Rule 56(f) is fatal to a claim of insufficient discovery on appeal." *Bradley v. United States*, 299 F.3d 197, 207 (3d Cir. 2002) (citing *Pastore v. Bell Tel. Co. of Pennsylvania*, 24 F.3d 508, 511 (3d Cir. 1994)); *see also Rodriguez-Cuervos v.Wal-Mart Stores, Inc.*, 181 F.3d 15, 22-23 (1st Cir. 1999); *Potter v. Delta Airlines, Inc.*, 98 F.3d 881, 887 (5th Cir. 1996); *In re Temporomandibular Joint* (*TMJ*) *Implants Prod. Liab. Litig.*, 113 F.3d 1484, 1490 (8th Cir. 1997).[1]

The judgment of the District Court will be affirmed.

---

[1]Stein's reliance on Pennsylvania Rule of Civil Procedure 1035.2 and on Pennsylvania Supreme Court cases does not advance his position, as this case is controlled by the Federal Rules of Civil Procedure.